UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 Case No. 6:01-cr-198-Orl-18KRS

CHARLES FOSTER,

    Defendant.
_____

## ORDER

This case is before the Court on the following matters:

1.    Defendant filed a Rule 33 Motion for New Trial Based on Newly Discovered Evidence Which Supports Claims of Prosecutorial Misconduct (Doc. No. 107) and Memorandum of Law and Composite of Exhibits in Support of Defendant's Motion for New Trial (Doc. No. 108). Defendant contends that since the conclusion of his trial he has discovered various evidence that "should have been, <u>but was not</u>, disclosed by the Government (as well as other misconduct)." (Doc. No. 108 at 2.) According to Defendant, the Government's suppression of the evidence violated his fundamental right to a fair trial and denied him his right to counsel. (Doc. No. 107 at 1.) Specifically, Defendant alleges that the Government: (a) suppressed evidence favorable to the defense; (b) suppressed impeachment materials; (c) failed to correct perjured testimony of its witnesses; (d) proffered evidence it knew or should have known was false; and (e) arranged to have Defendant placed in a jail cell with a confidential informant. Defendant further avers that

each of his claims involves a violation of well-established federal law. *See* Doc. No. 107 at 2 n.1.

Shortly after filing the Rule 33 motion, Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 112).[1] In his § 2255 motion, Defendant raises three claims: (a) prosecutorial misconduct; (b) ineffective assistance of counsel; and (c) actual innocence. In his claim of prosecutorial misconduct, Defendant specifically incorporates the claims set forth in his Rule 33 motion. *See* Doc. No. 112, attached memorandum of law at 10.

The Government has filed a Motion to Consolidate Defendant's New Trial Motion into His 28 U.S.C. § 2255 Petition (Doc. No. 115). Defendant opposes the consolidation of the two matters (Doc. Nos. 117 and 118).

The claims raised by Defendant in his motion for new trial have also been presented in his § 2255 motion. Therefore, this Court finds that considerations of judicial economy and efficiency dictate consolidating the two matters to be considered in one proceeding. *Trenkler v. United States*, 268 F.3d 16, 24 (1st Cir. 2001) ("[T]to the extent that the overlap between § 2255 and Rule 33 creates the potential for inefficiency, district courts are 'well equipped' to alleviate that problem through consolidation of the various motions for collateral relief."). Therefore, the Government's Motion to Consolidate Defendant's New Trial Motion into His 28 U.S.C. § 2255 Petition (Doc. No. 115) is **GRANTED**.

---

[1] The filing of the § 2255 motion initiated civil case 6:05-cv-042-Orl-18KRS.

2. Defendant's Motion for Permission to File Documents Ex-Parte (Doc. No. 119) is **DENIED.**

3. Defendant's Motion to Stay Both the Criminal and Civil Proceedings in the Case Until the Court Investigates the Clerk of the Court's Error in Filing Ex Parte Documents in Public Record Absent Expressed Order of the Court and Without Request or Permission from Defendant/Petitioner (Doc. No. 121) is **DENIED.**

4. Defendant's Motion to Hold Case in Abeyance Pending Redesignation and Transfer from One Bureau of Prisons Facility to Another (Doc. No. 125) is **DENIED** as moot.

**DONE AND ORDERED** at Orlando, Florida, this 9 day of February, 2006.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
sa 2/9
Counsel of Record
Charles Foster